IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSHUA RYAN SMITH, #293647, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:18-CV-796-MHT |
| | ) |
| CRENSHAW COUNTY DETENTION FACILITY & NICHOLAS BLUE, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Joshua Ryan Smith, a state inmate currently incarcerated at the Alabama Therapeutic Education Facility in Columbia, Alabama. In this complaint, Smith challenges the constitutionality of actions taken against him on June 24, 2018 during his incarceration at the Crenshaw County Detention Facility. Doc. 1 at 2–3.

Upon review of the complaint, the court concludes that the claims presented by Smith against the Crenshaw County Detention Facility are subject to summary dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] The court granted Smith leave to proceed *in forma pauperis*. Doc. 3. This court is therefore permitted to screen the complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This statute directs the court to dismiss a claim or defendant if it determines that the complaint presents a claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II. DISMISSAL OF DEFENDANT

Smith names the Crenshaw County Detention Facility as a defendant in this case. The law is well settled that a county sheriff's department "is not a legal entity and, therefore, is not subject to suit or liability under section 1983." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Additionally, "the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority." *Ex parte Dixon*, 55 So.3d 1171, 1172 n.1 (Ala. 2010). In light of the foregoing, it is clear that a building or structure utilized by a sheriff's department to house inmates is not a legal entity subject to suit. Since the Crenshaw County Detention Facility is not a suable entity, this facility is therefore due to be dismissed as a defendant in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Crenshaw County Detention Facility be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Crenshaw County Detention Facility be dismissed as a defendant in this cause of action.

3. This case, with respect to the plaintiff's claims against Nicholas Blue, be referred back to the undersigned for appropriate proceedings.

On or before **October 2, 2018**, the plaintiff may file objections to this Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the plaintiff from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 18th day of September, 2018.

/s/ Charles S. Coody
_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE